IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

DARRIN GRUENBERG,

                Plaintiff,                OPINION & ORDER

v.

                                                   13-cv-089-wmc

SGT. CASPER *et al.*,

                Defendants.
───────────────────────────────────────────────────────────────

      The court previously granted plaintiff Darrin Gruenberg leave to proceed under the Prison Litigation Reform Act ("PLRA") on excessive force claims under the Eighth Amendment and a claim for a denial of access to reading materials under the First Amendment, but denied him leave to proceed on a due process claim under the Fourteenth Amendment. (Dkt. #13.) Gruenberg now moves for reconsideration of the denial of his due process claim, which was predicated on his placement in a restraint chair for approximately two hours. (Dkt. #16.) Gruenberg also moves to strike the defendants' answer to the approved claims and various defenses (dkt. #19), and has filed two motions for assistance in recruiting counsel (dkt. ##22, 24). The court takes up each of these motions in this opinion.

OPINION

**I. Motion for Reconsideration**

      The court initially construed Gruenberg's claim as one for a violation of procedural due process under the Fourteenth Amendment and denied him leave to proceed on that basis. (Apr. 7, 2014 Opinion & Order (dkt. #13) 6.) Gruenberg does not seek

reconsideration of that decision; rather, he invokes the concept of *substantive* due process (Mot. Reconsideration (dkt. #16) 1), but this is similarly unavailing.

The Supreme Court has held that where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. *County of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998); *Graham v. Connor*, 460 U.S. 386, 395 (1989). As the Seventh Circuit noted in *Gruenberg v. Gempeler,* 697 F.3d 573 (7th Cir. 2012), and in *Bowers v. Pollard*, 345 F. App'x 191 (7th Cir. 2009), claims involving the application of restraints are "better addressed under the Eighth Amendment." *Gruenberg*, 697 F.3d at 581; *see also Bowers*, 345 F. App'x at 196.

Furthermore, to establish a substantive due process claim, Gruenberg must have alleged a protected liberty interest. *Levi v. Thomas*, 429 F. App'x 611, 613 (7th Cir. 2011) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). Such an interest arises in the prison context *only* when "the state imposes an 'atypical, significant deprivation'" on a prisoner. *Wilson-El v. Finnan*, 544 F.3d 762, 764 (7th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)); *see also Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause[.]"). Placing a prisoner in a restraint chair following an incident is not an atypical deprivation in the context of prison and does not give rise to a protected liberty interest. *Cf. Gruenberg*, 697 F.3d at 580-81 (7th Cir. 2012) (no liberty interest in avoiding placement in restraints for five days). Thus, the court will deny Gruenberg's motion for reconsideration.

**II. Motion to Strike**

Next, Gruenberg asks the court to (1) order defendants to respond to each of the numbered paragraphs in his complaint individually; and (2) strike all of defendant's asserted defenses "as facially implausible under any scenario." (Mot. Strike (dkt. #19) 1.) This motion will also be denied.

With respect to the first request, Gruenberg is correct that defendants have offered only general admissions and denials, rather than responding to each of the numbered paragraphs in his complaint. Ideally, defendants would have sought leave of the court to respond to the facts in Gruenberg's lengthy, repetitive complaint in an abbreviated fashion or, alternatively, should have sought an order requiring Gruenberg to provide a "short and plain statement of the facts" giving rise to his remaining claims, pursuant to Fed. R. Civ. P. 8(a)(2). On the other hand, defendants' answer *does* respond to the short and plain facts summarized in this court's screening order -- that is, it addresses the operative facts for those claims on which Gruenberg has been allowed to proceed in this suit. Moreover, the answer places Gruenberg on notice of the things he will need to prove in this matter and the things that are undisputed. Indeed, many of the remaining paragraphs in Gruenberg's complaint are (1) repetitive, (2) bear only a tenuous connection to the claims on which he has been granted leave to proceed, or (3) represent simple legal conclusions, rather than well-pled facts. The court will, therefore, decline to order defendants to file a new answer. Given that any of these grounds would have been sufficient to justify the court granting defendants leave to respond to the facts in the court's screening order rather than plaintiff's complaint, it would serve little purpose to require defendants to provide individual responses to every single allegation in Gruenberg's lengthy complaint.

As to Gruenberg's second request, he has moved pursuant to Fed. R. Civ. P. 12(f) to strike all of the affirmative defenses pled in defendants' answer.  Such relief would only be appropriate where the defense pled "is frivolous or clearly presents no bona fide issue of fact or law."  *Prudential Ins. Co. of Am. v. Marine Nat'l Exchange Bank*, 55 F.R.D. 436, 438 (E.D. Wis. 1972).  Indeed, before granting a motion to strike, "the Court must 'be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'"  *In re Midway Airlines, Inc.*, 175 B.R. 239, 242 (Bankr. N.D. Ill. 1994) (applying Fed. R. Civ. P. 12(f) and quoting *Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029, 1031 (N.D. Ill. 1980)).

Defendants' first two affirmative defenses are that they (1) acted in good faith and (2) took only actions that were constitutionally justified and reasonable under the circumstances.  Citing *Elliot v. Thomas*, 937 F.2d 338, 344 (7th Cir. 1991), Gruenberg argues that defendants' good faith is irrelevant to his claims, but *Elliot* held only that good faith is irrelevant in the context of qualified immunity, not with respect to *all* constitutional claims, as Gruenberg appears to assume here.  In fact, whether defendants acted in good faith is directly relevant to Gruenberg's Eighth Amendment case, *see Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008) ("officers may reasonably [employ a restraint chair] in a good-faith effort to maintain or restore discipline but may not use it maliciously or sadistically to cause harm"), and whether their actions were reasonable and constitutionally justified is relevant to both claims.  *See generally Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").  Thus, Gruenberg's motion to strike these defenses will be denied.

Next, Gruenberg challenges the defendants' qualified immunity defense as "fatally flawed." He argues that because qualified immunity is frequently unavailable at summary judgment in excessive force cases, defendants have asserted qualified immunity only to "avoid trial." This argument is something of a non sequitur. Even presuming qualified immunity proved unavailable at summary judgment in this case, it could still prove a viable defense at trial itself or on appeal, and Gruenberg has made no argument suggesting that the assertion of qualified immunity is "frivolous" on its face. The court will, therefore, deny the motion to strike this defense.

Finally, Gruenberg argues that a defense of failure to exhaust administrative remedies is "preposterous," as defendants' own records show that Gruenberg tried and was unable to exhaust his remedies. However, this argument essentially asks the court to resolve an affirmative defense on the merits, which is premature in a Rule 12(f) motion to strike. *Seabolt v. Champagne*, No. 05-C-1240, 2006 WL 3192511, at *5 (E.D. Wis. Nov. 2, 2006). Thus, Gruenberg's Rule 12(f) motion will be denied in full.

## III. Motions for Assistance in Recruiting Counsel

Finally, Gruenberg asks the court to assist him in recruiting counsel for this case, as well as for two other cases he has pending before this court. As an initial matter, Gruenberg has complied with the requirement that he first make reasonable efforts to find counsel on his own by submitting rejection letters from four attorneys (*see* dkt. #22-2). As further explained in this court's opinion of today in Case No. 13-cv-095-wmc, however, Gruenberg's stated reason as to why he cannot litigate this case on his own -- a lack of funding -- is not a proper reason to recruit *pro bono* counsel. Certainly, Gruenberg's

voluminous filings demonstrate that he is otherwise *capable* of presenting this case to the court on his own (nor does he argue otherwise). Accordingly, the court will deny his motions for counsel, at least at this time.

ORDER

IT IS ORDERED that:

1. Plaintiff Darrin Gruenberg's motion for reconsideration (dkt. #16) is DENIED.

2. Plaintiff's objection to answer and motion to strike affirmative defenses (dkt. #19) is DENIED; and

3. Plaintiff's motions for assistance in recruiting counsel (dkt. ##22, 24) are DENIED.

Entered this 29th day of July, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge