IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRIN GRUENBERG,

                Plaintiff,             OPINION & ORDER

   v.

                                         13-cv-089-wmc

SGT. CASPER *et al.*,

                Defendants.

---

DARRIN GRUENBERG,

                Plaintiff,             OPINION & ORDER

   v.

                                         13-cv-095-wmc

LT. TETZLAFF,

                Defendant.

---

DARRIN GRUENBERG,

                Plaintiff,             OPINION & ORDER

   v.

                                         13-cv-453-wmc

TRAVIS BITTLEMAN and DAVID
LIPINSKI,

                Defendants.

---

     Plaintiff Darrin Gruenberg currently has three cases before this court, all of which challenge conditions of confinement at Wisconsin Department of Corrections ("DOC") institutions.  He previously moved for assistance in recruiting *pro bono* counsel based on his inability to finance those lawsuits, which the court denied after finding that Gruenberg had not demonstrated that the difficulty of his cases "factually and legally[] exceeds [his] capacity as a layperson to coherently present [them] to the judge or jury himself."  *Pruitt v.*

*Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The court also found that a shortage of funding alone was not an appropriate reason to recruit *pro bono* counsel.

Gruenberg now challenges that decision, arguing that cases cited by the court in support of its initial opinion have no precedential value.[1] Certainly these earlier decisions not bind this court, were it now persuaded that the reasoning is no longer sound, but Gruenberg's objection neither undermines the principle expressed in those cases, nor the persuasiveness of the reasoning. A lack of financial resources is not a suitable reason in and of itself to recruit *pro bono* counsel, particularly since financial resources are not part of the test the Seventh Circuit employs.

"The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The former inquiry accounts for the nature of the case and recognizes that some cases, such as those involving complex medical evidence, are typically more difficult for *pro se* plaintiffs. *Id.* at 655-56. The latter takes into account factors like "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well as "the plaintiff's intellectual capacity and psychological history." *Id.* at 655.

---

[1] Specifically, the court previously cited *Akright v. Capelle*, No. 07-cv-0625-bbc, 2008 WL 4279571, at *1 (W.D. Wis. Sep. 15, 2008) ("[I]t is this court's role to appoint counsel when the difficulty of the case exceeds the particular plaintiff's capacity to coherently present it to the judge or jury himself, not when the plaintiff could coherently present the case but would prefer counsel as a funding mechanism for the litigation."); *Lindell v. Schneiter*, No. 06-C-608-C, 2007 WL 5517463, at *4 (W.D. Wis. Aug. 31, 2007) (denying request to appoint counsel based on claim that plaintiff lacked the money he needed to fund the suit); *Williams v. Berge*, No. 02-C-0010-C, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002) ("It would be improper to appoint counsel solely for the purpose of shifting petitioner's costs to a lawyer.").

Neither of those two inquiries weighed in favor of recruiting *pro bono* counsel in Gruenberg's cases. Indeed, as previously recognized, both weigh rather heavily *against* recruitment. *See Gruenberg v. Tetzlaff*, No. 13-cv-095-wmc, 2014 WL 3735875, at *4 (W.D. Wis. Jul. 29, 2014).

Gruenberg's other arguments do not change this outcome. First, he claims that state and local use-of-force policies are vital to his excessive force claims but almost impossible for an indigent prisoner to acquire. In support, Gruenberg cites *Bracey v. Grondin*, 712 F.3d 1012 (7th Cir. 2013), which recognized that "internal prison policies have relevance in nearly every prison lawsuit alleging the excessive use of force." *Id.* at 1018. Unfortunately for Gruenberg, the *Bracey* decision does not support his request for counsel. Indeed, the Seventh Circuit actually affirmed the *denial* of counsel in *Bracey*, the relevance of the prison policies notwithstanding: "if the need to access otherwise inaccessible documents requires recruitment of counsel, recruitment would result in nearly all such cases. Section 1915 does not impose that burden." *Id.*

Gruenberg next argues that the institutional law library has serious problems, undermining his ability to perform "meaningful" legal research. At the outset, Gruenberg's continued ability to cite cases in support of his many motions and cases belies that representation. In any event, the only specific legal research problem that he identifies is the fact that the system is old, outdated and slow. (*See* Mot. Ex. B.) This does not amount to an inability to litigate his case.

Finally, Gruenberg briefly argues that he requires assistance with locating particular witnesses, including one who was housed across the hall from him in February of 2012. Inability to conduct discovery may support the recruitment of counsel. *See Santiago v.*

*Walls*, 599 F.3d 749, 765 (7th Cir. 2010) ("Undertaking discovery in this particular combination of circumstances made the playing field anything but level."). Here, however, the problem is *not* that Gruenberg is incapable of conducting discovery or that prison officials have stymied his attempts; the problem, at least according to his motion, is that he has no funds to draft, copy and mail pertinent materials. As already discussed, the court is not persuaded that this alone justifies recruitment of *pro bono* counsel. If Gruenberg can show real need for this kind of information relative to costs, there is even a *pro bono* fund for such expenses.

ORDER

IT IS ORDERED that plaintiff Darrin Gruenberg's motions for assistance in recruiting counsel (13-cv-089, dkt. #43; 13-cv-095, dkt. #39; 13-cv-453, dkt. #31) are DENIED.

Entered this 10th day of December, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge